**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4990**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GUILLERMO JUAREZ-HUARTE, a/k/a Guillermo Juarez-Huarota,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Anderson. G. Ross Anderson, Jr., District Judge. (CR-05-702-GRA)

---

Submitted: March 30, 2006            Decided: April 5, 2006

---

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Maxwell Barnes Cauthen, III, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Guillermo Juarez-Huarte pled guilty to a single count of re-entry after deportation following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) (2000). The district court sentenced Juarez-Huarte to twenty-seven months' imprisonment, three years of supervised release, and ordered payment of a $100 statutory assessment.[*] Juarez-Huarte's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the sentence imposed was reasonable. Juarez-Huarte was given an opportunity to file a pro se brief, but has failed to do so.

We review Juarez-Huarte's sentencing claim on appeal for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See Hughes, 401 F.3d at 546. However, in determining a sentence post-Booker, sentencing courts are still

---

[*]The probation officer calculated a sentencing guideline range of 27 to 33 months' imprisonment. This calculation was founded on an adjusted offense level of 20 (the base offense level was 8 pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(a) (2004), to which the probation officer added twelve levels pursuant to USSG § 2L1.2(b)(1)(B) because Juarez-Huarte had a prior conviction for a felony drug trafficking offense), yielding a total offense level of 17, after a three-level reduction for acceptance of responsibility pursuant to USSG §§ 3E1.1(a), (b). The probation officer also assigned Juarez-Huarte a criminal history category of II based on the aforementioned felony drug trafficking offense.

required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Id. A sentence imposed "within the properly calculated Guidelines range . . . is presumptively reasonable." United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006). We find the district court here properly consulted the Guidelines and took them into account in determining Juarez-Huarte's sentence, that it made all the factual findings appropriate for that determination, considered the sentencing range along with the other factors described in § 3553(a), and imposed a sentence that was "within the statutorily prescribed range and . . . reasonable." Hughes, 401 F.3d at 546-47.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Juarez-Huarte's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>